UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD KIMREY

CIVIL ACTION

VERSUS

NUMBER 11-88-FJP-SCR

JAMES LACOUR, JR., ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendants CEVA Logistics U.S., Inc., CEVA Freight, LLC, and James Lacour, Jr., removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. In the Notice of Removal the defendants alleged that defendant "CEVA Freight, LLC , is a Delaware entity with its principal place of business in Houston, Texas."

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[2] Thus, to properly

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th
(continued...)

allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).³

Defendants' jurisdictional allegations regarding defendant CEVA Freight, LLC's citizenship are not sufficient to establish diversity jurisdiction.

Therefore;

IT IS ORDERED that defendants CEVA Logistics U.S., Inc., CEVA Freight, LLC, and James Lacour, Jr., shall have 14 days to file an Amended Notice of Removal which properly alleges the citizenship of defendant CEVA Freight, LLC.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, February 22, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

²(...continued)
Cir. 2008); see *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

³ The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).